bound apprentice to Peter Hewitt," does not constitute a lawful binding.

[Cited in Bell v. English, Case No. 1,250.]

This was a petition to be discharged from the service of Peter Hewitt, who claimed the petitioner as his apprentice. There was an entry on the minutes of the orphans' court of an order, "that Peyton Hines be bound apprentice to Peter Hewitt." This was the only authority shown by the respondent for holding the petitioner; and it was stated by Mr. Moore, the register of the orphans' court, that it was conformable to the usual practice of that court, and that no indentures were actually executed.

THE COURT (THRUSTON, Circuit Judge, absent) decided that it was not a lawful binding, and discharged the boy.

See the case of Bell v. English [Case No. 1,250], Oct. term, 1833.

## Case No. 6,521.

### HINES v. UNION PAC. R. CO.

[2 Dill. 269, note.] [1]

Circuit Court, D. Nebraska. May Term, 1873.

NEGLIGENCE—FELLOW SERVANTS.

Action by a brakeman against the company; the petition charging that the plaintiff, as brakeman, was engaged in coupling cars, and that the engineer in charge of the moving section of the train carelessly backed it with such force and speed as to cause the plaintiff's hand to be crushed, and that the engineer was incompetent, and the defendant knew it.

Mr. Redick, for plaintiff.
Poppleton & Wakeley, for the company.

Before DILLON, Circuit Judge, and DUNDY, District Judge.

THE COURT directed the jury, in substance, as follows:

1. That the engineer and brakeman, being both at their posts and in the line of their duty at the time, are fellow-servants, within the meaning of the rule which exempts the employer from liability to one servant for the fault of another, and that the general rule applied to the case under the pleadings and proof, unless the company was to blame for having an incompetent or improper person as engineer.

2. That no mere negligence on the part of defendant's engineer as to the rate of speed and force with which the train was run at the time of the accident will impose any liability on the defendant for the injury to the plaintiff.

3. That the plaintiff alleges and must show that the accident was caused by the negligence of the engineer, as charged in the petition, and also that the company was guilty

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

of negligence, or want of reasonable care, in the employment of an incompetent engineer, or in retaining him in its employment after notice of his incompetency, or of facts and circumstances from which it reasonably appears that his incompetency ought to have been discovered, or from which notice thereof may reasonably be inferred.

There was a verdict and judgment for the defendant.

[In 2 Dill. 269, this case is published as a note to Fort v. Union Pac. R. Co., Case No. 4,952.]

## Case No. 6,522.

### HINGSLEY v. HERRIET.

[See Case No. 1,722.]

HINKLE (STEWART v.). See Case No. 13,430.

HINKLEY (BROWN v.). See Case No. 2,012.

HINKLEY (HENDRICKSON v.). See Case No. 6,357.

## Case No. 6,523.

### HINKLEY v. MAREAN.

[3 Mason, 88.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1822.

PLEADING—IN BAR—LEX LOCI.

1. A discharge of the person and present estate under the insolvent acts of Maryland, cannot be pleaded in bar of a suit in the circuit court in Massachusetts, so as to discharge the party from the common execution.

[Cited in Woodhull v. Wagner, Case No. 17,975; Titus v. Hobart, Id. 14,063.]
[See Banks v. Greenleaf, Case No. 959.]

2. The lex loci governs as to remedies.

[Cited in Towne v. Smith, Case No. 14,115.]
[Cited in Hochstadter v. Hays, 11 Colo. 118, 17 Pac. 289.]

Assumpsit on a bill of exchange, drawn at Boston on the 12th of April, 1819, on the defendant [Thomas Marean], at Baltimore, for $2000, payable in sixty days to the plaintiff [David Hinkley], (an inhabitant of Boston), and accepted by the defendant at Baltimore on the 17th of April. The declaration alleged a breach by non-payment. The principal pleas were founded on the statutes of insolvency of Maryland of 1805 and 1809, whereby the defendant, being then an inhabitant of Maryland, and entitled to the benefit of the acts, was, on the 3d of September, 1819, duly discharged and his property assigned. The Maryland acts discharge the contract and "the person, estate, and effects of the insolvent, except any that may afterwards be acquired by gift, descent, or in his own right by bequest, devise, or in any course of distribution;" and the defendant accordingly (averring in one of his pleas, that he had not subsequently acquired any

[1] [Reported by William P. Mason, Esq.]